NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAI-TRANG THI NGUYEN,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 22-16074

D.C. No. 5:22-cv-00948-NC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding**

Submitted June 26, 2023**

Before:   CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Mai-Trang Thi Nguyen appeals pro se from the district court's judgment

dismissing her Federal Torts Claims Act action arising from voting procedures in

the 2020 presidential election.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). We affirm.

The district court properly dismissed Nguyen's action because Nguyen failed to allege facts sufficient to establish Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining that constitutional standing requires an "injury in fact," causation, and redressability; "injury in fact" refers to "an invasion of a legally protected interest which is (a) concrete and particularized … and (b) actual or imminent" (citation and internal quotation marks omitted)); *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003) (recognizing that a "generalized grievance against allegedly illegal government conduct" is insufficient to confer standing).

We do not consider Nguyen's contentions concerning the dismissal of her prior action because it is outside the scope of this appeal.

**AFFIRMED.**

22-16074